IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

LEE ANTHONY MENDIETA,
Movant,

-vs-

UNITED STATES OF AMERICA,
Respondent.

CAUSE NO.:
A-17-CA-00607-SS
[A-14-CR-192(1)-SS]

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Lee Anthony Mendieta's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#91], Mendieta's Memorandum in Support [#91-1], Respondent United States of America's Response [#94] in opposition, and Mendieta's Reply [#95] in support. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

On June 3, 2014, Movant Lee Anthony Mendieta, along with a co-defendant, was charged in a four-count indictment for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two); and being a drug user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3) (Count Three).

On September 25, 2015, Mendieta pled guilty to Count One and Count Three of the indictment. On January 15, 2016, this Court sentenced Mendieta to a 120-month term of imprisonment, followed by a 3-year term of supervised release. Am. Judgment [#82]. Mendieta



filed a notice of appeal on January 23, 2016. Notice Appeal [#77]. The Fifth Circuit dismissed his appeal on April 1, 2016. *United States v. Mendieta*, No. 16-50060 (5th Cir. Apr. 1, 2016).

On June 17, 2017, Mendieta executed the instant § 2255 motion, arguing he was improperly sentenced as a career offender under the federal sentencing guidelines. The motion has been fully briefed by the parties, and it is now ripe for the Court's consideration.

## Analysis

### I. Legal Standard

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the District Court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

2

## II. Application

Mendieta claims his sentence is invalid because the Court erroneously enhanced his sentence based on four prior Texas convictions for (1) possession with intent to deliver crack cocaine, (2) misprision of felony, (3) distribution of heroin, and (4) felon in possession of body armor. According to Mendieta, his sentence enhancement is invalid in light of the recent holdings in *Mathis v. United States*, 136 S. Ct. 2243, 2252–54 (2016), *United States v. Hinkle*, 832 F. 3d 569, 570–71 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir. 2017).

As the Government points out, however, Mendieta's reliance on these cases is misplaced. *Mathis*, *Hinkle*, and *Tanksley* involve the enhancement of a defendant's sentence as a career offender under either the Armed Career Criminal Act or the federal sentencing guidelines, but Mendieta was not sentenced as a career offender. *See* Presentence Report [#74] ¶¶ 16, 23. The Presentence Report details Mendieta's previous criminal history, but his base offense level was not increased based on his four prior Texas convictions. *Id.* Mendieta's claim is therefore without merit.

Mendieta also requests an evidentiary hearing and the appointment of counsel. A hearing is not required to dispose of a § 2255 motion if the motion and record in the case conclusively show relief is not appropriate. *United States v. Samuels*, 59 F.3d 526, 530 (5th Cir. 1995). Even where a court denies a request for an evidentiary hearing, however, the Court may appoint counsel "if the interest of justice so requires." *See* 18 U.S.C. § 3006A(a)(2)(B).

The record in this case conclusively shows Mendieta is not entitled to relief on his claim, and therefore his request for an evidentiary hearing is denied. Likewise, the Court finds that appointment of counsel would be an inefficient use of judicial resources because any additional

3

briefing by counsel would not assist the Court in addressing the issues raised in Mendieta's brief; as such, appointment of counsel would not serve the interests of justice. *See, e.g., Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985) (denying the movant's request for the appointment of counsel on appeal where supplemental briefing by counsel would not assist the court and therefore would not be in the interests of justice). Because Mendieta has failed to show he is entitled to relief, his § 2255 motion is denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

4

In this case, reasonable jurists could not debate the denial of Mendieta's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

## Conclusion

Accordingly,

IT IS ORDERED that Movant Lee Anthony Mendieta's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#91] is DENIED; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 8th day of August 2017.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE